**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TUNNEL STREET, A CALIFORNIA LIMITED PARTNERSHIP, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1300C<br>(Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of February 15, 2005, the parties respectfully submit this Joint Status Report to apprise the Court of the status of their continuing efforts to resolve certain closely-related cases through the Court's Alternative Dispute Resolution ("ADR") pilot program.

This case is one of approximately fifty related suits filed with the Court since August 6, 2004. Eight of these cases, including this one, have been designated for the Court's ADR pilot program. The parties moved to stay this case and nearly all of the other related cases, pending the outcome of the ADR process. (The only related case that the parties have not moved to stay is one in which a motion pursuant to RCFC 12(b) has been filed.) All of the motions to stay that have been ruled upon by the Court have been granted.

Meanwhile, the parties are making good progress in their efforts pursuant to the ADR process. The plaintiffs have produced preliminary damages analyses for the first three cases that have been designated for ADR, together with supporting documentation for each. Defendant has prepared a formal response to plaintiffs' initial analysis and has produced various documents related to each of the three properties. On April 26, 2005, defendant provided plaintiffs with a further response to plaintiffs' damages analyses, based upon additional, recently obtained rental market data. Plaintiffs responded in writing on May 12, 2005. Thereafter, the parties engaged in

intensive settlement discussions, pertaining not only to the first three cases that have been designated for ADR, but also to issues common to the all of the above-mentioned cases (including this one), such as the proper methodology to be utilized and economic assumptions to be made in determining damages in these cases. These discussions included a meeting on May 24, 2005 among counsel and experts retained by the parties, followed by a meeting of counsel for the parties with Judge Horn. In the course of these meetings, the parties discussed various elements of the damage calculation process and undertook to exchange certain additional information supporting their respective views.

The parties hope that their current efforts will produce a methodology that can be applied to the remaining cases that have been designated for ADR, and to the remaining related cases that have been stayed. In sum, the parties have been pleased with the ADR process to date and desire to continue with those efforts.

Respectfully submitted,

**s/ Jeff H. Eckland**
JEFF H. ECKLAND
Eckland & Blando LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: (612) 305-4444
Fax: (612) 305-4439
*Attorney for Plaintiffs*

**Filed Electronically with the**
**Consent of the Attorney for Defendant**

May 25, 2005

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7643
*Attorneys for Defendant*